IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARSON C KAEBEL and<br>SHANNON KAEBEL,<br>    Petitioners, | §<br>§<br>§<br>§ | |
| v. | § | Civil Action No. 3:15-MC-0064-D-BK |
| | § | |
| UNITED STATES OF AMERICA, et al.,<br>    Respondents. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the *Order of Reference*, Doc. 3, this cause is before the United States Magistrate Judge for findings, conclusions, and recommendations.  The Court now considers Respondent United States of America's *Motion to Dismiss*.  Doc. 4.

### I.   BACKGROUND

Petitioners Karson and Shannon Kaebel brought this action against the United States, the Internal Revenue Service (IRS), and IRS Revenue Agent Robert Landrey, seeking to quash an IRS administrative summons issued to Bank of Texas by Landrey.  Doc. 2.  Respondent United States of America now moves to dismiss the petition pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because, *inter alia*, the United States has not waived its sovereign immunity with respect to petitions to quash third-party summonses in aid of collection.

On May 26, 2015, Revenue Officer Landrey issued an IRS administrative summons to Bank of Texas to give testimony and to produce for examination books, papers, records, or other data "relating to the tax liability or the collection of the tax liability" for Petitioners.  Doc. 2 at 5; Doc. 5-1 at 1.  Revenue Officer Landrey sought these materials to determine Petitioners' ability to resolve federal tax liabilities for the years 2005 through 2009.  Doc. 5-1 at 1.

In their complaint, Petitioners allege that the IRS was required to notify them that it had issued summons to a third party in connection with their tax liability. Doc. 2 at 3. They argue that the Court has jurisdiction to consider the matter because 26 U.S.C. § 7609(b)(2)(A) gives persons entitled to notification of a third-party summons the right to file a petition to quash such a summons. Doc. 2 at 1.

Respondent argues in its Motion to Dismiss that 26 U.S.C. § 7609(c)(2)(D)(i) creates an exception to the notice requirement for third-party summonses issued in aid of collection of tax assessments and that because Petitioners were not entitled to receive notice, they lack standing to file a petition to quash. Doc. 4 at 4. Respondent further contends that the Court lacks subject matter jurisdiction since the United States has not waived its sovereign immunity with respect to Petitioners' claim. Doc. 4 at 4. Petitioners did not respond to the Motion to Dismiss.

The Court first considers whether it has subject matter jurisdiction over this action since it is an issue of paramount concern. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (subject matter jurisdiction "is nonwaivable and delimits federal-court power"); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Because the Court concludes that it lacks subject matter jurisdiction, Respondent's other grounds for relief are not reached.

## II.   APPLICABLE LAW

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).  "The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).

Respondent attached to its Motion to Dismiss a Declaration by Revenue Officer Landrey and the Report and Recommendations of U.S. Magistrate Judge Caroline Craven, Eastern District of Texas.  Doc. 5-1.  Affidavits and testimony are the type of supplemental evidence that may be considered when, as here, an attack on subject matter jurisdiction is factual rather than facial.  *See Paterson,* 644 F.2d at 523 (discussing the evidence that can be considered in a factual versus facial attack on subject matter jurisdiction).

## III.   ANALYSIS

26 U.S.C. § 7609(a) contains a general requirement that, "[i]f any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to ... any person (other than the person summoned) who is identified in the summons," the person so identified must be served with notice and a copy of the summons.  26 U.S.C. § 7609(b)(2) grants persons entitled to such notice the ability to file a petition to quash a third-party summons.  26 U.S.C. § 7609(h)(1) vests the federal district court

in which the person summoned resides with subject matter jurisdiction to hear a petition to quash under 7609(b)(2).  However, 26 U.S.C. § 7609(c) delineates an exception to the notice requirement for "any summons issued in aid of the collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued."  26 U.S.C. § 7609(c)(2)(D)(I).

      Here, based on the uncontroverted Declaration of Revenue Officer Landrey and the Report and Recommendations of U.S. Magistrate Judge Caroline Craven of the Eastern District of Texas, the Court finds that Petitioners are not entitled to notice under section 26 U.S.C. § 7609(b)(2)(A) because the summons in question was issued in aid of efforts to collect a tax assessment against them.  Revenue Officer Landrey avers that the summons was issued to determine Petitioners' ability to resolve federal tax liabilities for the years 2005 through 2009.  Doc. 5-1 at 1.  Indeed, on its face, the summons notes that the materials it requests relate to "the collection of [Petitioner's] tax liability."  Doc. 2 at 5.  Moreover, Judge Craven previously concluded that Revenue Officer Landrey has been attempting to "determine the collectability of [Petitioners'] tax liability for years 2005 through 2009."  Doc. 5-1 at 3-6.  Consequently, Petitioners lack standing to pursue a motion to quash the summons at issue.

      Moreover, as Defendants correctly note, the United States has not waived sovereign immunity with respect to petitions to quash third-party summonses in aid of collection and, thus, district courts lack subject matter jurisdiction to hear such petitions brought by the assessed taxpayer.  *See Trowbridge v. IRS,* No. 4:13–cv–1850, 2013 WL 6002205, at \*2–\*4 (S.D. Tex. Nov.12, 2013); *Tilley v. United States,* No. 3:03–cv–769–D, Dkt. No. 7 (N.D. Tex. July 21, 2003) (Sanderson, J.); *Barmes,* 199 F.3d at 389; *see also Taylor v. United States,* 292 F. App'x 383, 385 (5th Cir. 2008) (observing that "[c]ourts have held that an action to quash a summons

issued by the IRS is a suit against the United States requiring a waiver of its sovereign immunity" and holding that no such waiver occurred where a 7609(c) exception applied) (citing *Barmes,* 199 F.3d at 388)).

Finally, Respondent correctly notes that neither the IRS nor Landrey are proper defendants to this action and should be dismissed because the United States is the only proper party. *See Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999) (action to quash IRS summons is an action against the United States). Doc. 4 at 1 FN. 1.

## IV.   CONCLUSION

Based on the foregoing, it is recommended that Respondent's *Motion to Dismiss*, Doc. 4, be **GRANTED** and this action **DISMISSED WITHOUT PREJUDICE**.

SIGNED October 21, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE